BRIEN & THAXTON *v.* ANNIE C. PAUL, Executrix, and another.

### April Term, 1877.

TAX-TITLE — PURCHASER PENDENTE LITE. — A purchaser of land from one of the litigants in a pending suit is bound to keep down taxes as was the party under whom he claims, and any title he may acquire at a sale made for such taxes would enure to the benefit of the successful litigant.

RECEIVER — DEATH OF ONE AND APPOINTMENT OF ANOTHER. — Neither the remand of a cause after a decree by the Supreme Court, nor the death of the receiver appointed by that court, will take the property out of the custody of the court, acquired by the appointment, and a purchaser from

one of the litigants pending the litigation will not be allowed to interfere with the possession of a new receiver by independent suit, without leave of the court first obtained by permission *pro interesse suo.*

*M. M. Brien*, for complainants.
*John Lellyett*, for defendants.

THE CHANCELLOR: — In the year 1861, Henry Hill conveyed to E. H. Childress two lots, now in controversy, in trust to secure a debt of about $1,500. In 1864, Isaac Paul filed his bill in this court against Henry Hill, and attached these lots as the property of Hill. Afterwards, Childress sold the lots under his trust-deed, and Paul became the purchaser at the price of $6,000. Nevertheless the lots were listed for taxes as the property of Hill; and the taxes not being paid, the lots were sold at tax-sale, and bought by complainants, after which Hill conveyed to them his equity of redemption, and put them in possession.

The cause of *Paul* v. *Hill* proceeded, and, on final hearing, a decree was rendered in favor of Paul against Hill, for several thousand dollars, from which an appeal was taken to the Supreme Court. In that court, upon motion of Paul, a receiver was appointed to take possession of these lots, and rent them out pending the litigation. Complainants filed a bill in this court to enjoin the receiver from taking possession of the lots, but the injunction was refused, and the receiver took possession, and remained in possession until the cause was tried, reversed, and sent back. At the May term, 1875, of this court, the complainants dismissed their injunction-bill as above; whereupon Paul prayed an appeal to the Supreme Court, which was granted, and the cause is there now pending. In the meantime, the lots had been again assessed to Hill for the taxes of 1873, and, the taxes not being paid, were, on July 1, 1874, again sold for the taxes, and complainants became the purchasers at the amount of unpaid taxes, aggregating $74.82. This sale was duly certified to the

Circuit Court, and confirmed, and a writ of possession ordered to be issued; and it has been issued, and executed by putting complainants in possession, in conformity with the act of 1873. All of these facts were, according to the bill, well known to Paul and Hill. In the latter part of the year 1876, Paul died, leaving a will, and the defendant Anna C. Paul qualified as executrix, and revived the suit of *Paul* v. *Hill* in her name. Afterwards, on motion in said cause, the defendant R. Ewing, clerk and master, was appointed receiver of said lots, with authority to rent them out; and a writ of assistance was ordered to put him in possession, and he had actually taken possession in part by receiving rent of one of the tenants. The other tenants had declined to pay or surrender possession. In this state of affairs, the present bill was filed to enjoin the execution of the order of this court in *Paul* v. *Hill*. The chancellor having no power to interfere, by injunction, with possession previously acquired under the order, simply directed the clerk and master, as receiver, to " suspend the *further* taking possession of the property " until otherwise ordered. The defendants have filed an answer, and now move to dissolve the injunction or order thus granted.

The sale and conveyance of Hill, to the complainants, of his equity of redemption in the lots in controversy, pending the litigation, only clothed them with Hill's rights, and placed them in Hill's shoes. It was Hill's duty, if he were the real owner of these lots, to pay the taxes; and he could, of course, acquire no new title by their purchase at a tax-sale for his own default. The complainants, as his assignees, would only stand in his shoes, and, being bound to pay the taxes, could not better their title by purchasing at a sale occasioned by their neglect of duty. The result would be the same if Hill, instead of being the owner in full of said lots, had only a limited interest. He had a right to protect that interest by the payment of taxes; or, had he seen proper, he could have applied for a receiver

upon the ground that the taxes were not being paid. His possession of the property made it his duty to take the one course or the other, and the complainants, as his assignees *pendente lite*, became subject to the same duties. All that they can claim, if the lots be subjected by the final decree, is to be reimbursed the taxes paid, with interest.

Moreover, the appointment of a receiver of the lots by the Supreme Court placed them *in custodia legis*. The trial, reversal, and remand of the cause did not necessarily affect the receivership or remove the receiver. A receiver appointed by an interlocutory order of this court is not removed by an appeal to the Supreme Court, although that appeal may suspend or vacate the final decree. *Merrill* v. *Elam*, 2 Tenn. Ch. 513; *Stafford* v. *Union Bank*, 16 How. 140; *Swing* v. *Townsend*, 24 Ohio St. 1; *Schenk* v. *Peay*, 1 Dill. 270. So, a receiver of the Supreme Court is not necessarily removed by a reversal and remand to this court. The remand shows that something is yet to be done, and it may be in relation to the property itself thus held. The motion which ought to have been made in this case was, not to appoint a receiver as a new thing, but to appoint a receiver in place of the Supreme Court receiver then dead. The death of the receiver did not affect the receivership, or deprive this court of the custody of the property. Either party was entitled, upon a suggestion of the fact, to have had another person appointed in his place.

· The two lots were, therefore, in the custody of the court when the tax-sale of July 1, 1874, was made, and when the writ of possession under the confirmed report of that sale was sued out. The better opinion is that the possession of the court, through its receivers, cannot be interfered with by process in another suit, or otherwise. Such interference is a contempt of court. High on Rec., sec. 163, and cases cited. The appropriate course in all cases where a party is desirous of obtaining possession of property in the custody of the court, by the appointment of a receiver, is to apply to the

court from which he derives his appointment. *Id.*, sec. 143. And this is so, even if the receiver has not actually taken possession. *Ames* v. *Trustees, etc.*, 20 Beav. 332. *A fortiori*, where he has taken possession, but by death, or otherwise, there is a temporary vacancy of the office.

In either view, the present bill is unauthorized. The only remedy of the complainants is by petition *pro interesse suo* in the suit in which the receivership exists, setting out their title, and asking either for the delivery of possession to them upon their title, or for leave to assert their title in a suit for the purpose. The court will certainly do the one or the other. *Dixon* v. *Smith*, 1 Swanst. 457 ; *Eyton* v. *Denbigh, etc., Ry. Co.*, L. R. 6 Eq. 14. The petition must set out the applicant's title ; for an examination *pro interesse*, from its very nature, requires a statement of the charge or case of the party to be examined, as otherwise it would be impossible for the adversary to know how to point the interrogatories. *Crone* v. *O'Dell*, 2 Hog. 144.

The injunction granted in this case must, therefore, be dissolved.